NOT DESIGNATED FOR PUBLICATION

No. 118,909

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WALTER JOSE CALEL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; E. LEIGH HOOD, judge. Opinion filed March 1, 2019. Reversed and remanded.

*Charles A. O'Hara*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM: Walter Jose Calel pled no contest to one count of criminal threat and one count of endangering a child. The district court found him guilty. Just before sentencing, Calel filed a motion to withdraw his plea claiming that he was not informed of his right to a jury trial and that he did not explicitly waive his right to a jury trial. The district court found that he was adequately informed of these rights at his preliminary hearing and denied the motion. We disagree and reverse and remand for further proceedings.

1

Calel was originally charged with criminal threat, endangering a child, domestic battery, and criminal damage to property. Before the preliminary hearing, the State filed an amended information that added an additional count of criminal threat. At the preliminary hearing, Calel's defense counsel informed the magistrate judge that the parties worked out a plea agreement. Before proceeding further, the magistrate judge stated that because the crimes were felonies, the court was required to advise Calel of his right to a preliminary hearing. The district court briefly explained what the preliminary hearing entailed and informed Calel that if he wished to waive that right, they would proceed to the arraignment portion of the proceedings. Then the following exchange took place:

"[DEFENSE COUNSEL]: [Calel] just told me he's changed his mind and he wants a contested prelim now rather than the plea.
"THE COURT: Absolutely. You want a contested preliminary hearing? You have that right. Before—You can talk to him.
"[DEFENSE COUNSEL]: You want to take the plea then?
"THE DEFENDANT: Yeah.
"[DEFENSE COUNSEL]: Okay. He wants to take the plea, Your Honor."

The district court then explained to Calel that there had been an amended charge that added the second count of criminal threat and if he wanted to enter a plea to that charge, he would have to waive his right to a preliminary hearing. The district court again explained what a preliminary hearing was. Calel then waived his right to a preliminary hearing.

Next, the State informed the district court that the parties agreed Calel would either plead no contest or guilty to one count of criminal threat and endangering a child and the State would dismiss the other three charges. The State also informed the district

2

court that Calel was not a United States citizen. The district court then proceeded to arraignment where it informed Calel of the remaining two charges and the penalties for each. The district court also explained that entering the plea could have serious ramifications on his citizenship status, including deportation. Calel stated that he understood these ramifications. Then the following colloquy took place:

"THE COURT:  Okay. [Defense Counsel], have you had an opportunity to talk to him about that?

"[DEFENSE COUNSEL]:  Yes, Your Honor.

"THE COURT: And do you think he understands what that means?

"[DEFENSE COUNSEL]:  Yes, and he also advises there's an ICE hold on him that—part of the agreement is for an OR bond, but he realizes that ICE will probably come and pick him up.

"THE COURT:  Very well. Okay. Very well. Well, at this time, Mr. Calel, you're presumed to be innocent of these charges. You have a right to go to trial if you plead not guilty. If you plead not guilty, we'll set it for trial. That trial can be in front of a judge or a jury. At that trial, the State of Kansas would have to prove your guilt beyond a reasonable doubt. At that trial, you'd have the right to the assistance and advice of your attorney and have the right to confront the State's witnesses and ask them questions. You'd have the right to call witnesses to testify for you, you'd have the right to testify in your own defense if you want. And if convicted at that trial, you'd have the right to appeal that. Secondly, you may plead guilty or no contest. If you enter a guilty or no-contest plea, that terminates your presumption of innocence and your right to a trial, then you're gonna be found guilty. Do you understand those pleas?

"THE DEFENDANT:  Yes, Sir.

"THE COURT:  Have you talked to [Defense Counsel] about this case?

"THE DEFENDANT:  (Inaudible response.)

"THE COURT:  Have you talked to your attorney about this?

"THE DEFENDANT:  We went over it on the phone.

"THE COURT:  Okay. Are you satisfied with his advice?

"THE DEFENDANT:  Yes, Sir.

THE COURT:  Okay. Well how do you want to plead to Count Number Two and Count Number Three?

"THE DEFENDANT:  No contest.

"THE COURT:  No contest? Has anyone promised you anything in exchange for this plea, other than the agreement that your attorney made with the State of Kansas?

"THE DEFENDANT:  No, Sir.

"THE COURT:  No? Do you feel like you've been forced or—I mean coerced into—to enter the plea of no contest?

"THE DEFENDANT:  No, Sir.

"THE COURT:  Are you entering that plea of your own freewill today?

"THE DEFENDANT:  Yes, Sir.

"THE COURT:  Today are you under the influence of any medication, drugs or alcohol?

"THE DEFENDANT:  No.

"THE COURT:  Your mind's clear?

"THE DEFENDANT:  Yes, Sir.

"THE COURT:  You understand what we're doing?

"THE DEFENDANT:  Yeah."

The State then recited the facts of the case. The district court accepted Calel's plea and found him guilty of criminal threat and endangering a child.

Just before sentencing, Calel retained new counsel. Calel's new counsel filed a motion to withdraw the plea arguing that Calel was not adequately informed of his right to a jury trial because:  (1) the magistrate judge did not inform Calel of all the consequences of waiving a jury trial, (2) the district court did not explain the difference between a bench trial and a jury trial, and (3) the district court did not mention what a jury trial was or who makes the decision in a jury trial. Because Calel was not adequately informed, he argued that he did not knowingly and intelligently waive this right.

The district court held a hearing on the motion. Calel testified that he spoke to his attorney on the phone where they discussed a possible plea. Calel stated that they never discussed a jury trial and his attorney did not inform him of how a jury trial worked.

4

Calel testified that he did not speak with his attorney after the phone conversation until the preliminary hearing. Calel stated that he spoke with his attorney outside the courtroom just before the preliminary hearing where they discussed the plea agreement again but did not talk about a jury trial. Calel also testified that neither his attorney nor the district court explained to him what a jury trial was. Calel stated that he would not have pled no contest had he known he could have had a jury trial.

Calel further testified that he was not born in the United States but understands English. Calel stated that he remembered the district court telling him that he had a right to a jury trial but could not recall the district court telling him that the case would be set for trial if he pled not guilty. Calel stated that he did not recall many of the district court's statements at the preliminary hearing but remembered pleading no contest. Calel also testified that he understood a conviction could result in deportation and that is why he wanted to withdraw his plea. Calel stated that, at the time he entered his plea, he had little communication with his attorney and his attorney asked him to just "go along with what he was saying." Calel stated that he only entered the plea because his attorney told him to. Calel's original defense counsel did not testify at the hearing.

The district court found that this was a legal issue with undisputed facts. The district court stated that it reviewed that caselaw presented in Calel's brief on the motion and performed further research on the subject beyond Calel's presented cases. The district court stated that, based on the caselaw he read, a district court does not have to use magic words when informing a defendant of his rights to a jury trial but must make sure the defendant understands that he has that right. The caselaw also holds that the defendant must clearly waive that right. The district judge framed the issue as whether the law requires that the "judge has to personally communicate with you your right to a jury trial" and whether the defendant has "to clearly on the record pronounce that yes, I understand it and I want—I want to waive that right."

The district court found that K.S.A. 2017 Supp. 22-3210 requires: (1) a defendant to state the plea in open court, (2) the district court must inform the defendant of the consequences of the plea, (3) the district court must address the defendant personally and determine that the defendant made the plea voluntarily with the understanding of the nature of the charge and consequences of the plea, and (4) there is a factual basis for the plea. The district court also consulted a criminal law handbook in which it found that "[n]owhere in that Criminal Law Handbook does it specifically say when you're taking a plea does the Court have to directly inform that Defendant of his right to a jury trial, and that he has to get that waiver." The district court recognized that this handbook was not legal authority or a court rule.

The district court then ruled that the magistrate judge presiding at the preliminary hearing clearly told Calel the consequences of the plea in open court, including the sentence penalties and the impact on his immigration status. Calel was also told that he was presumed innocent, had a right to go to trial if he pled not guilty, and if he pled not guilty, the district court would set the matter for trial to be held in front of a jury or a judge. Calel was also informed of the burden of proof, the right to counsel, and the right to present evidence at trial. The district court found the record reflected that Calel entered his plea freely and voluntarily and then the State gave a factual basis for the plea.

The district court ultimately denied Calel's motion to withdraw the plea. The district court sentenced Calel to 12 months' probation and an underlying sentence of 7 months in prison and 12 months' postrelease supervision. Calel filed a timely notice of appeal to this court.

On appeal, Calel argues he was not adequately informed of his right to a jury trial and that he did not explicitly waive this right before he entered his no contest plea.

LEGAL ANALYSIS

Under K.S.A. 2017 Supp. 22-3210(d)(1), with the district court's discretion, a plea may only be withdrawn when the defendant has shown good cause. Accordingly, appellate courts review a denial of a motion to withdraw a plea under an abuse of discretion standard of review. *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018). In making the plea, courts should evaluate whether: (1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made. *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006).

However, whether an individual was informed of his constitutional right to a jury trial is a legal question. That standard of review provides:

> "Whether a defendant waived the right to a jury trial is a factual question, subject to analysis under a substantial competent evidence standard of review. But when the facts of the district court's determination to accept a jury trial waiver are not disputed, the question whether the defendant voluntarily and knowingly waived the jury trial right is a legal inquiry subject to unlimited appellate review." *State v. Beaman*, 295 Kan. 853, 858, 286 P.3d 876 (2012).

Because the facts here are undisputed, this court exercises an unlimited standard of review.

As to the denial of the motion to withdraw the plea, Calel argues that the district court abused its discretion when it denied the motion using the incorrect standard of law. Because the magistrate judge did not explicitly explain the right to a jury trial nor did it explicitly ask Calel to waive his right to a jury trial, his waiver was not voluntarily and understandingly made. Rather, Calel contends that he only implicitly waived his right to a jury trial by accepting a plea. Additionally, Calel points out that there was no written plea

7

agreement or waiver of jury trial rights. Calel also argues that the district court abused its discretion in relying on a criminal law handbook to make its decision rather than the caselaw presented by Calel. Calel argues that the facts of the case clearly demonstrate that the district court should have granted his motion.

Further, Calel argues he testified that he did not understand what a jury trial was or how a jury trial worked. Calel only learned what a jury trial was when he obtained new counsel after he already entered his plea. This testimony was unrefuted because his original attorney did not testify at the hearing. Calel also asserts that the transcript of the preliminary hearing shows that he was hesitant to accept the plea and clearly stated that he wanted to go ahead with the preliminary hearing. Calel contends that even the district court found there was no specific articulation of the right to a jury trial or an explicit waiver. Calel asks this court to issue a mandate to grant the motion, or in the alternative, remand the case for the district court to hold proceedings using the correct legal standards.

Conversely, the State argues the magistrate judge did inform Calel of his right to a jury trial and explained that he would be giving up that right if he accepted a plea. After Calel heard the colloquy, the magistrate judge asked how he wanted to plead and Calel responded, "No contest" in open court. The State also contends that the magistrate judge's explanation of his rights was sufficient because it was not required to use magic words; form is less important than substance. The State also contends that Calel's supporting caselaw is inapplicable because there is a difference between waiving one's right to a jury trial in favor of a bench trial and waiving one's right to a jury in favor of a plea.

The State also argues the magistrate judge followed the procedure outlined in K.S.A. 2017 Supp. 22-3210 which was enacted to ensure that an individual's right to due process was not violated. The State claims the magistrate judge was only required to inform Calel of his right to a jury trial but was not required to provide a detailed

8

explanation of a jury trial. Additionally, the State asserts that Calel freely admitted he only wanted to withdraw his plea because he was facing deportation and was fully aware of this risk when he entered his plea. Thus, Calel's plea was made knowingly and voluntarily and he had failed to show good cause as to why his plea should be withdrawn.

Kansas has laid out a procedure for district courts to use when accepting a guilty or no contest plea. K.S.A. 2017 Supp. 22-3210 provides:

> "(a) Before or during trial a plea of guilty or *nolo contendere* may be accepted when:
>
> (1) The defendant or counsel for the defendant enters such plea in open court; and
>
> (2) in felony cases the court has informed the defendant of the consequences of the plea, including the specific sentencing guidelines level of any crime committed on or after July 1, 1993, and of the maximum penalty provided by law which may be imposed upon acceptance of such plea; and
>
> (3) in felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea; and
>
> (4) the court is satisfied that there is a factual basis for the plea."

The district court must also inform the defendant of his right to a jury trial before accepting the plea. "[F]or a criminal defendant to effectively waive his right to a trial by jury, the defendant must first be advised by the court of his right to a jury trial, and he must personally waive this right in writing or in open court for the record." *State v. Irving*, 216 Kan. 588, 590, 533 P.2d 1225 (1975). Past courts have not definitively stated what language is required when a district court is advising the defendant of his or her right to a jury trial. However, it seems clear that a district court must make sure the defendant affirmatively knows that he or she has a right to a jury trial, although a district court is not required to warn a defendant of every right pertaining to a jury trial. *State v. Thomas*, No. 118,082, 2018 WL 3598878, at *3 (Kan. App. 2018) (unpublished opinion).

9

Past courts have upheld waivers even when the district court did not directly tell the defendant about the right to a jury trial. In *Beaman*, the Supreme Court held that, despite the district court's failure to explicitly state that the defendant had a right to a jury trial, the district court affirmatively inquired that the defendant wanted to waive the jury trial. 295 Kan. at 860. "And while the district court did not actually say the words 'right to a jury trial' in its inquiry of Beaman, it did use the phrase 'your desire to waive a jury for this trial' at the outset." 295 Kan. at 860. The *Beaman* court also cited to *State v. Clemons*, 273 Kan. 328, 45 P.3d 384 (2002). In *Clemons*, the Supreme Court accepted a jury trial waiver even though the district court did not use the phrase "right to a jury trial" because, based on the facts and circumstances of the case, the defendant was aware he had a right to a jury trial. 273 Kan. at 340-41.

*Beaman* also recognized the importance of the district court's actual use of the word waiver in the discussion. *Beaman* noted that the purpose of informing the defendant of his or her right before accepting a waiver is so that the defendant knows what rights he or she is giving up. The Supreme Court then found that "the district court communicated that Beaman had a right he would be relinquishing, and the dialogue between them confirmed that the judge and defendant were talking about the same thing, *i.e.*, Beaman's right and the abandonment of that right." 295 Kan. at 861. The Supreme Court upheld the waiver because the record reflected the district court affirmatively engaged the defendant in a discussion about the possible consequences of his jury trial waiver.

It should be noted that *Beaman* focused on the whether the defendant knowingly and voluntarily waived his right to a jury trial in favor of a bench trial. Still, the discussion surrounding whether the district court conveyed the right to a jury trial to the defendant and whether he understood he was waiving that right is helpful to Calel's case.

Thus, it seems a district court's duty to inform the defendant of his or her right to a jury trial will be met so long as it is clear that the district court conveyed to the defendant

10

that he or she had a right to a jury trial under the facts of each case. "[T]he ultimate question is not what specific words the trial judge used but whether the defendant sufficiently understood he or she had a jury-trial right." *State v. Ortiz*, No. 116,432, 2017 WL 4581947, *4 (Kan. App. 2017) (unpublished opinion).

Overall, the magistrate's explanation of rights was extensive, but his explanation of the right to a jury trial was terse and in some respects incorrect. It is clear that the magistrate did little to distinguish a jury trial from a bench trial or what rights are part of a jury trial compared to a bench trial. He did not specifically state, "You have a right to a jury trial." It is clear that there are no "magic words" that must be utilized in advising a defendant of the right to a jury trial and there is no requirement that a defendant be advised of every right pertaining to a jury trial. However, before a plea can be accepted the court taking the plea must make sure the defendant affirmatively knows that he or she has a right to a jury trial and that entering a waiver is an abandonment of that right.

In this colloquy, the magistrate judge told Calel that if he pled not guilty the matter would be set for trial and that trial could be before a judge or a jury. The fact of the matter is that if Calel pled not guilty the matter would have been set for jury trial and at that point he would have the right to decide solely for himself whether he wanted to waive that right and set the matter for a bench trial. The right to a jury trial is a fundamental right, and as *Beaman* makes clear, the record must show that the defendant was made aware of that fundamental right and what he would be abandoning if he waived that right. To expressly waive that right, the right must be accurately conveyed. The same can be said whether a defendant is waiving a jury trial to have a bench trial or waiving a jury trial to enter a plea. In this case, the explanation of the fundamental right to a jury trial was, at best, ambiguous.

The failure to clearly explain a fundamental right raises constitutional considerations. It is equally true that the failure to clearly explain a fundamental right

11

prior to a waiver of that right would constitute good cause to grant a motion to withdraw a plea. In either event, the result is the same. The order denying Calel's motion to withdraw his plea is reversed. The case is remanded for hearing to correctly inform Calel of his right to a jury trial and to determine whether it was Calel's intention to (1) not waive the right to a jury trial in which case the plea would be vacated and the case set for jury trial or (2) waive the right to a jury trial in which case the plea and sentence previously entered would remain intact.

Reversed and remanded.